UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Christopher DiStasio, *on his own behalf and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Edible Arrangements, LLC,<br><br>Defendant. | Civil Action No.: 3:16-cv-00538-DJS |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

Plaintiff Christopher DiStasio ("Plaintiff"), through counsel, hereby opposes Defendant Edible Arrangements, LLC's ("Edible" or "Defendant") Motion to Stay Pending the Supreme Court's Decision in *Facebook, Inc. v. Duguid*. (Doc. No. 114).

Plaintiff filed this putative class action more than four years ago, on April 5, 2016. (Doc. 1). Since then, Defendant has made every effort to delay and derail this case. This is now the *seventh* request by the Defendant to stay this case.[1] As a result of those efforts, this case has been stayed for years. On April 30, 2020, the Court lifted the most recent stay (Doc. No. 109).

Now Edible seeks another stay of this case – in an addition to its requests to alternatively transfer this case to a different venue or for judgment on the pleadings. Edible points to the Supreme Court's grant of certiorari in *Duguid,* where the Supreme Court is set to address the

---

[1] Defendant's August 26, 2016 motion to partially stay discovery (Doc. No. 19), its July 20, 2017 motion to stay this case pending the outcome of *ACA Int'l v. Fed. Commc'ns Comm'n*, (Doc. No. 50), its March 30, 2018 request to continue to stay this matter after the D.C. Circuit issued its decision in *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687 (D.C. Cir. 2018) (Doc. No. 61), its July 11, 2018 motion to stay this case pending a ruling by the FCC (Doc. No. 69), its October 4, 2019 request to stay this case pending the Second Circuit's decision in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) (Doc. No. 103), and its April 15, 2020 request to stay the case pending *Barr v. American Association of Political Consultants, Inc., et al.*, No. 19-631 (S. Ct. Jan. 10, 2020) (Doc. No. 108).

definition of an "automatic telephone dialing system" under the TCPA. *Facebook, Inc. v. Duguid*, 19-511, 2020 WL 3865252 (U.S. July 9, 2020).  However, no matter what definition of an ATDS the Supreme Court adopts, the Parties will still need to complete outstanding discovery in this case regarding how Defendant's telephone dialer functioned to send automatic telemarketing text messages to Plaintiff and members of the putative class, along with a number of unrelated issues.  Because this case was previously stayed for years at Defendant's request, Plaintiff has not yet been able to complete his necessary fact discovery.  As set forth below, staying this case pending *Duguid* will not obviate the need to complete that discovery, nor will it conserve the resources of the parties or the Court.  All that a stay will accomplish is to further delay this case and prejudice Plaintiff and members of the putative class.

Accordingly, the Court should follow the numerous federal courts across the country that have declined to stay TCPA cases pending *Duguid* and deny Edible's motion to stay. *See Pittenger v. First National Bank of Omaha*, 2020 WL 5596162, at *3 (E.D. Mich. Sept. 18, 2020) (denying motion to stay TCPA case pending *Duguid* because, *inter alia,* the parties will still need to conduct discovery regardless of how *Duguid* is resolved); *Smith v. JPMorgan Chase Bank, N.A.*, 2020 WL 5033532 (C.D. Cal. Aug. 21, 2020) (denying defendant's motion to stay case pending *Duguid* where "although the nature of discovery in this case may change in some ways based on the outcome of *Duguid*, the Court is unconvinced the entire action should be stayed for that reason alone."); *Fabricant v. Elavon, Inc. and 7231911 Canada Inc.*, No. 2:20-cv-02960, (C.D. Cal. Aug. 25, 2020) (Dkt. 46) (denying motion to stay pending *Duguid*); *Becker v. Keller Williams Realty, Inc.*, No. 9:19-cv-81451 (S.D. Fla. Aug. 27, 2020) (Dkt. 49) (denying motion to stay pending *Duguid*); *Lacy v. Comcast Cable Communications, LLC,* 2020 WL 4698646, at *2 (W.D. Wash. Aug. 13, 2020) (declining to stay TCPA case pending *Duguid*

because "regardless of *Duguid*'s outcome, discovery will need to take place in th[at] case regarding" *inter alia* "the existence and exact nature of any ATDS used to contact [plaintiff]."); *Williams v. PillPack LLC*, No. 3:19-cv-05282 (W.D.Wash. Aug. 13, 2020) (Dkt. 54) (denying motion to stay pending *Duguid*); *McGrath v. Conn Appliances, Inc.*, No. 4:19-cv-1930 (S.D. Tex. Aug. 13, 2020) (Dkt. 78) (denying motion to stay pending *Duguid*); *Komaiko v. Baker Techs., Inc.*, 2020 WL 5104041 (N.D. Cal. Aug. 11, 2020) (denying motion to stay putative TCPA class action pending *Duguid*); *In re Midland Credit Mgmt., Inc.*, 2020 WL 4436355 (S.D. Cal. Aug. 3, 2020) (denying parties' joint motion to stay case pending *Duguid*).

## ARGUMENT

### I. STANDARD OF LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). A "[d]istrict Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997). "The proponent of a stay bears the burden of establishing its need." *Id.* "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (internal citations and quotation marks omitted). "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255.

3

## II. THE CASE SHOULD NOT BE STAYED

### a. A stay will not simplify the issues in this case.

A stay will not simplify the relevant issues in this case. No matter what definition of an ATDS the Supreme Court adopts, the Parties in this case will still need to determine – via discovery – whether Edible's dialer satisfies that definition. There is a significant amount of outstanding discovery in this case relating to how Edible's dialer functions. That discovery is in addition to outstanding discovery on the other issues in the case, including but not limited to whether Edible had the requisite prior express written consent to send the messages and Edible's policies and procedures to avoid TCPA violations. *See. e.g., Pittenger*, 2020 WL 5596162, at *3 ("Given the narrow question posed in *Duguid*, the Supreme Court's ruling will likely not be dispositive of all issues in the present case, and the parties will still need to conduct discovery into the systems FNBO used to contact plaintiff."); *Brandt v. Ocwen Loan Servicing, LLC*, 2017 WL 5878581, at *3 (E.D. Cal. Nov. 29, 2017) ("Regardless of how the pending appeal in *ACA International* is decided, the parties here will be required to engage in discovery to determine the type of technology used to make the calls.").

Relying on the self-serving affidavit of its CEO concerning the purported functionalities of the dialing systems at issue, Edible claims that "the Supreme Court's forthcoming decision is likely to be dispositive as to Plaintiff's entire action and will, at the very least, materially shape and substantially streamline this case, including fact and expert discovery . . . ." Def. Mot. at p. 9. In so arguing, Edible ignores that (1) a decision in *Duguid* will not and cannot be dispositive in this case until the parties complete the necessary discovery into how the third-party telephone systems at issue actually functioned and (2) the Parties will need to complete identical discovery on how these telephone systems actually worked and were used to message Plaintiff and the

4

class regardless of which definition the Supreme Court ultimately adopts. And while the definition of an ATDS will inform the Parties post-discovery briefing and the Court's ruling regarding whether the dialer fits within the definition of an ATDS, there is significant outstanding fact discovery, including depositions, that must first be completed before the definition of an ATDS is implicated in this case. Staying the case now and then conducting discovery after the *Duguid* decision is released will only delay when that discovery is taken; it will not obviate the need to complete discovery or significantly alter the scope of the discovery needed. *See Pittenger*, 2020 WL 5596162, at *3; *Lacy,* 2020 WL 4698646, at *2 (declining to stay case pending *Duguid* where discovery would need to be taken regardless of *Duguid*'s outcome); *Smith*, 2020 WL 5033532 (declining to stay case even where "the nature of discovery . . . may change in some ways based on the outcome of *Duguid*.").

### b. Edible has not satisfied its burden of showing that a stay is warranted.

Edible does not satisfy its heavy burden to establish that a stay is warranted under this Court's inherent authority. To that end, a stay is only warranted if Defendant establishes a "clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. But being "required to defend a suit, without more, does not constitute" sufficient "hardship or inequity" to justify a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Pittenger,* , 2020 WL 5596162, at *3 (denying motion to stay *Duguid* because "[w]hile the discovery process is inherently expensive and somewhat burdensome, it is an unavoidable aspect of litigation"); *Sunbeam Prods., Inc. v. Hamilton Beach Brands, Inc.*, 2010 WL 1946262, at *5 (E.D. Va. May 10, 2010) ("The mere fact that this action will go forward, and that litigating it will cost money, is an insufficient reason to warrant a stay.")

### *i.* **A stay would prejudice Plaintiff and absent class members.**

Staying this case greatly prejudices Plaintiff and putative class members and interferes with their interest in proceeding expeditiously with this lawsuit and "just, speedy, and inexpensive determination" of their claims. Fed. R. Civ. P. 1; *see United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014) (courts deciding motions to stay consider, *inter alia,* "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation"). Plaintiff and putative class members' interest in expeditiously resolving this lawsuit is particularly important in this case where the case has been pending for more than four years and yet there is still significant outstanding discovery to be completed in light of the Court's prior stay orders.  Allowing Edible's requested stay "would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before this Court." *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-01821, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016).  Obtaining relief in the shortest time possible inures to Plaintiff's benefit, a fact contemplated by the numerous courts that rejected analogous requests for stays. *See, e.g.*, *Smith*, 2020 WL 5033532 (declining to stay case pending *Duguid* given that the requested stay is "indefinite, as it is purely speculative whether the United States Supreme Court will reach a decision in *Duguid* within a year"); *Lacy,* 2020 WL 4698646, at *2 (declining to stay case pending *Duguid* given that "the Supreme Court has not even scheduled oral argument in *Duguid*, so a stay could be lengthy"); *Thomas v. Ocwen Loan Servicing, LLC*, 2017 WL 2426846, at *2 (M.D. Fla. June 5, 2017) ("Consistent with this Court's orders in several other cases, the Court concludes a stay under these circumstances will not promote judicial economy, but it will harm Plaintiff.").

Additionally, the delay inherent in the requested stay could further prejudice Plaintiff should relevant evidence become more difficult, or even impossible, to obtain due to the passage of time. *See, e.g.*, *Pittenger,* 2020 WL 5596162, at *3 ("Given the nature of evidence, where memories fade, witnesses become more difficult to locate and essential documents can be lost, it is always best to engage in discovery where litigation is apparent and inevitable"); *Katz v. Liberty Power Corp., LLC*, 2020 WL 3440886, at *4 (D. Mass. June 23, 2020) (denying motion to stay TCPA action where "[t]he Court f[ound] that Plaintiffs are rightly concerned about the loss of such evidence and would be prejudiced by a stay even if to a minimal degree.").

### ii. Edible will suffer no hardship or inequity if this case moves forward.

By contrast, Edible has not established any hardship, let alone the "clear case of hardship or inequity" required to justify a stay. Edible asserts it will be prejudiced because it "will have to invest substantial resources litigating this matter" and "[t]here is no reason to incur these expenses when a stay will clarify an issue critical to Plaintiff's entire action." Def. Mot. at p. 12. Yet "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendants in this case." *City of Aurora, Colo. v. PS Sys., Inc.*, 2008 WL 149998, at *2 (D. Colo. Jan. 14, 2008) (denying motion to stay where defendant argued that "requiring the parties to pursue discovery will impose substantial costs and burdens which may prove unnecessary"); *see also Katz v. Liberty Power Corp., LLC*, 2020 WL 3440886, at *4 (D. Mass. June 23, 2020) ("Litigation expenses, even a 'substantial and unrecoupable cost, do not constitute irreparable injury" and thus "any alleged harm in the form of litigation expenses while the parties await the Supreme Court's decision will likely be minimal.") (denying motion to stay TCPA action); *Sutor*

*v. Amerigroup Corp.*, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) (defendant's contention "that proceeding with discovery and motions practice will be costly" did not warrant stay in TCPA action); *Garmendiz v. Capio Partners, LLC*, 2017 WL 3208621, at *2 (M.D. Fla. July 26, 2017) ("many modern courts have held that being required to defend a lawsuit does not constitute a hardship or inequity."). And the same holds true in the face of potential class discovery. *See, e.g.*, *Montez v. Chase Home Fin. LLC*, No. 11-530, 2011 WL 2729445, at *1 (S.D. Cal. July 13, 2011) (refusing stay in spite of defendant's complaint of the potential "significant burden and expense of engaging in potentially broad-ranging and expensive discovery concerning this putative class action").

In short, Edible makes no showing of any "hardship" or "inequity" to justify the extraordinary relief it now seeks. *See Mendez v. Optio Solutions, LLC*, No. 3:16-cv-1882, 2017 WL 914587, at *4 (S.D. Cal. Mar. 8, 2017) (denying a request for a stay in part because "Defendant [did] not demonstrate a hardship in moving forward with inevitable discovery and motion practice"); *Glick v. Performant Fin. Corp.*, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant has not clearly established that it would face hardship or inequity if required to move forward. The fact that waiting for the outcome of the appeals and Petition might save Defendant the costs of further litigation does not satisfy this requirement."); *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (defendant did not show a hardship sufficient to stay case where Defendant only pointed to "avoiding 'unnecessary discovery and motion practice.'").[2]

---

[2] *See also Jones v. AD Astra Recovery Servs., Inc.*, No. 16-1013, 2016 WL 3145072, at *6 (D. Kan. June 6, 2016) (the "potential that Defendant could engage in greater discovery, if the case is not stayed, does not constitute a 'rare circumstance' which justifies an indefinite stay"); *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *4 (D.N.J. Apr. 26, 2016) (denying stay

8

### iii. The orderly course of justice disfavors a stay.

As discussed above, regardless of what the Supreme Court decides in *Duguid,* Plaintiff's claims will proceed, and the Parties will still need to complete the outstanding discovery in this case. A litigant is not entitled to a stay in order to shape the law to its advantage in an unrelated case—with no definite resolution date. *See Landis*, 299 U.S. at 255 ("Only in rare circumstances will a litigant in one cause be compelled to stand aside" to await a ruling in another action."). So that this case may proceed to an orderly conclusion, this Court should deny Defendant's Motion to Stay.

### **CONCLUSION**

For the foregoing, Plaintiff respectfully requests the Court deny Defendant's Motion to Stay.

Dated: September 22, 2020

                                        Respectfully submitted,

By:   */s/ Stephen Taylor*
        Sergei Lemberg
        Stephen Taylor
        LEMBERG LAW, LLC
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        *Attorneys for Plaintiff*

---

where "the only purported 'hardship' identified by Defendant is the possibility that the parties may engage to some extent in unnecessary discovery and/or motion practice").

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this, the 22nd day of September, 2020, the foregoing was filed with the Clerk of the Court which sent notice of such filing to all counsel of record.

*/s/ Stephen Taylor*
Stephen Taylor