UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER DISTASIO, : <br> Individually and on behalf of all : <br> Others similarly situated, : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> EDIBLE ARRANGEMENTS, LLC, : <br>     Defendant. : <br> : <br> : | No. 3:16-cv-00538 (VLB) <br><br> February 1, 2021 |

## RULING ON PENDING MOTIONS

The plaintiff, Christopher DiStasio ("DiStasio"), initiated this action individually and on behalf of all others similarly situated against the defendant, Edible Arrangements, LLC ("Edible"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). In his Amended Complaint, DiStasio alleges that Edible sent automated text messages[1] to his cellular telephone, as well as to the cellular telephones of other consumers, without having obtained prior written consent as required by the TCPA.

On August 17, 2020, Edible moved to stay this action pending the decision of the United States Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511, [ECF No. 114], moved to transfer this action to another judicial district pursuant to 28 U.S.C. § 1404(a), [ECF No. 112], and moved for judgment on the pleadings, *i.e.* for

---

[1] "Generally, the TCPA prohibits the use of ATDSs [automatic telephone dialing systems] to produce unwanted phone calls or text messages." *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 282 (2d Cir. 2020).

dismissal. [ECF No. 113]. DiStasio opposes all three motions. [ECF Nos. 119, 117, 118]. On December 29, 2020, the Parties jointly moved for a six-month extension of all case management deadlines, citing Edibles' three pending motions, notices of supplemental authority filed by both parties since the filing of these motions, and unavoidable medical leave for two key members of Edible's legal team in early 2021. [ECF No. 128]. For the reasons stated below, Edible's three motions pending since August 2020 are denied, and for the sole reason that counsel represents that two key members of Edible's legal team have unavoidable medical leave, the Parties' joint motion for extension is granted-in-part, with a two-month, rather than six-month, extension granted.

## I. PROCEDURAL BACKGROUND

DiStasio filed his Original Complaint on April 5, 2016. [ECF No. 1].

On August 3, 2016, the Court approved the Parties' jointly filed Rule 26(f) Report, setting the close of all discovery on March 1, 2017, and stating that "[t]he parties are encouraged to commence discovery forthwith and to arrange their schedules in contemplation of the briefing deadlines for any dispositive motions, because the Court is unlikely to grant a future request for an extension of the scheduling order absent extraordinary and unforeseeable circumstances." [ECF No. 16 (emphasis in original)].

On August 26, 2016, Edible moved to partially stay discovery on the grounds that whether DiStasio opted-in or consented to Edible's text messages might be dispositive and obviate the need for other discovery. [ECF No. 19]. DiStasio opposed the motion on September 7, 2016, [ECF No. 21], and on September 13,

2016, the case was transferred from District Judge Jeffrey A. Meyer to Judge Dominic J. Squatrito for all further proceedings. [ECF No. 22].

On October 24, 2016, the Court denied Edible's motion to stay, but ordered DiStasio to file an amended complaint in light of the Supreme Court's then-recent opinion in *Spokeo v. Robins, Inc.*, 136 S. Ct. 1540 (2016), which "raise[d] a question about the plaintiff's standing to pursue this action," which had to be "addressed before class-related discovery [could be] conducted." [ECF No. 25 at 4-6].

DiStasio filed his Amended Complaint, which is the operative complaint in this action, on November 17, 2016. [ECF No. 26]. On February 8, 2017, Edible moved to dismiss DiStasio's amended complaint for lack of standing, but on May 10, 2017, the Court denied Edible's motion to dismiss. [ECF No. 43].

On two additional occasions, Edible moved to stay this case, with the Court granting stays both times. On August 18, 2017, the Court granted Edible's July 20, 2017 motion to stay pending the issuance of a decision by the D.C. Circuit in *ACA Int'l v. FCC*. [ECF No. 59]. The decision of the D.C. Circuit in *ACA Int'l*, which was issued on March 16, 2018, in part "set aside the [Federal Communication] Commission's explanation of which devices qualify as an ATDS . . . ."[1] *ACA Int'l v. FCC*, 885 F.3d 687, 695 (D.C. Cir. 2018). That decision did not, however, fully clarify the meaning of the term "automatic telephone dialing system." More specifically, that decision did not resolve the issue of whether the definition of an ATDS in the

---

[1] The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227 (a)(1).

3

TCPA includes devices that can store and automatically dial telephone numbers even if those devices do not use a random or sequential number generator ("the pertinent issue").  The Court subsequently lifted the stay order on June 19, 2018. [ECF No. 63].

Less than a month later, on July 11, 2018, Edible again moved for a stay of this case.  [ECF No. 69].  On March 29, 2019, the Court granted Edible's second stay motion.  [ECF No. 99].  In granting that motion, the Court indicated that a potential "ruling by the FCC regarding the scope and definition of an automatic telephone dialing system . . . or the granting of the pending writ of certiorari in *Marks v. Crunch San Diego, LLC* could be of significant assistance in clarifying the meaning of that term, particularly in light of differing rulings on [the pertinent issue] from the Ninth and Third Circuits."  *Id.*  The Court noted further that there was no controlling authority in this Circuit on the pertinent issue.  On January 24, 2020, that stay was extended on the basis of an "upcoming decision of the Second Circuit in *La Boom Disco, Inc. v. Duran*" expected to address the pertinent issue.  [ECF No. 106].  The Second Circuit issued its decision in *Duran* on April 7, 2020, and the Court lifted the stay on April 30, 2020.  *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020); [ECF No. 109].

As noted, on August 17, 2020, Edible again moved to stay this action, this time due to the pending decision of the United States Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511, [ECF No. 114], moved to transfer this action to another judicial district pursuant to 28 U.S.C. § 1404(a), [ECF No. 112], and moved for

4

judgment on the pleadings, *i.e.* for dismissal. [ECF No. 113]. DiStasio opposes all three motions. [ECF Nos. 119, 117, 118].

## II. LEGAL STANDARD

"In deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Milliken v. Am. Realty Capital Hospitality Advisors, LLC*, No. 18-CV-1757 (VEC), 2018 U.S. Dist. LEXIS 132829, at *10 (S.D.N.Y. Aug. 7, 2018). "The decision whether to issue a stay is therefore firmly within a district court's discretion." *Id.*

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The objectives of such a transfer are "to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). "The movant bears the burden of establishing the propriety of transfer by a clear and convincing

5

showing." *MAK Mktg., Inc. v. Kalapos*, 620 F. Supp. 2d 295, 298 (D. Conn. 2009) (citing *Ford Motor Co. v. Ryan*, 182 F.2d 329, 330 (2d Cir. 1950)).

To determine whether a transfer under this section is appropriate, the Court must consider "(1) whether an action 'might have been brought' in the proposed transferee forum, and, if so, (2) whether the transfer promotes convenience and justice." *Costello v. Home Depot USA, Inc.*, 888 F. Supp. 2d 258, 267 (D. Conn. 2012). In reaching the latter conclusion, "[d]istrict courts have broad discretion to make case-by-case determinations . . . ." *Id.* (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

"Federal courts are courts of limited jurisdiction. . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Subject matter jurisdiction is not waivable, and a lack of subject matter jurisdiction may be raised at any time, by a party or the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### III. DISCUSSION

First, as DiStasio points out in his Opposition to Edible's pending motion to stay, Edible has actually moved to stay this case _seven_ times, [ECF No. 119 at 1 n.1], and has additionally moved to delay this case more than that if other motions for various extensions of time are considered. *See, e.g.* [ECF Nos. 17 (Motion for Extension of Time to file Motion to Stay), 31 (Motion for Extension of Time to Serve Discovery Responses), 64 (Motion for Extension of Time to file proposed revised scheduling order)]. The Court makes no comment on the worthiness of each of Edible's previous motions for delay, but cumulatively, they have, as DiStasio

6

argues, "delay[ed] this case and prejudice[d] Plaintiff and members of the putative class." [ECF No. 119 at 2]. Edible's pending motion to stay will do so as well.

Moreover, as DiStasio points out, "no matter what definition of an ATDS the Supreme Court adopts, the Parties will still need to complete outstanding discovery in this case regarding how Defendant's telephone dialer functioned to send automatic telemarketing text messages to Plaintiff and members of the putative class, along with a number of unrelated issues." *Id.* Thus, a stay will not assuage the "private interests of and burden on the defendant[]," *Milliken*, 2018 U.S. Dist. LEXIS 132829, at *10, and will only prejudice Plaintiff DiStasio. *Id.* Other courts, as DiStasio notes, have so found. *Pittenger v. First National Bank of Omaha*, No. 20-CV-10606, 2020 U.S. Dist. LEXIS 171062, at *8-9 (E.D. Mich. Sept. 18, 2020) (denying motion to stay TCPA case pending *Duguid* because, *inter alia,* the parties will still need to conduct discovery regardless of how *Duguid* is resolved); *Smith v. JPMorgan Chase Bank, N.A.*, No. 20-CV-017777 (CBM) (PJWx), 2020 U.S. Dist. LEXIS 156427, at *3-4 (C.D. Cal. Aug. 21, 2020) (denying defendant's motion to stay case pending *Duguid* where "although the nature of discovery in this case may change in some ways based on the outcome of *Duguid*, the Court is unconvinced the entire action should be stayed for that reason alone."); *Fabricant v. Elavon, Inc.*, No. 2:20-cv-02960, slip op., [ECF No. 46] (C.D. Cal. Aug. 25, 2020) (denying motion to stay pending *Duguid*); *Becker v. Keller Williams Realty, Inc.*, No. 9:19-cv-81451, slip op., [ECF No. 49] (S.D. Fla. Aug. 27, 2020) (denying motion to stay pending *Duguid*); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-cv-05007, 2020 U.S. Dist. LEXIS 146003, at *4 (W.D. Wash. Aug. 13, 2020) (declining to

stay TCPA case pending *Duguid* because "regardless of *Duguid*'s outcome, discovery will need to take place in th[at] case regarding" *inter alia* "the existence and exact nature of any ATDS used to contact [plaintiff].").

For the above reasons, and because granting the motion to stay will not "secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, Edible's Motion to Stay, [ECF No. 114], is denied. *Milliken*, 2018 U.S. Dist. LEXIS 132829, at *10.

The Court also declines to transfer this case. Pursuant to 28 U.S.C. § 1404(a), the Court may transfer the case to any district "where it might have been brought or to any district or division to which all parties have consented." *Id.* Here, DiStasio has opposed Edible's motion for transfer, negating consent, and when the case was "brought," Edible was headquartered in Connecticut, not Florida or Georgia.

Moreover, the Court agrees with DiStasio that "judicial economy will not be achieved by a transfer at this late stage where Edible waited more than four years to file its motion." [ECF No. 117 at 2]. The Court simply declines to entertain Edible's motion to transfer at this late date, holding that Edible has not made "a clear and convincing showing" that transfer is appropriate. *MAK Mktg.*, 620 F. Supp. 2d at 298 (citing *Ford Motor Co.*, 182 F.2d at 330).

Finally, the Court declines to grant Edible's motion for judgment on the pleadings that the Court lacks subject matter jurisdiction. [ECF No. 113]. The Court has reviewed the Parties' filings on this issue including the various citations to supplemental authority and notes first that <u>none</u> of the cases cited are binding on

8

this Court. And, the case that the Court looks to for guidance, *Barr v. American Association of Political Consultants*, 140 S. Ct. 2335 (2020) ("AAPC"), says "precious little" about exactly how its fractured opinion should be applied in cases such as this. *Creasy v. Charter Commc'ns, Inc.*, No. 20-1199, 2020 U.S. Dist. LEXIS 177798, at *3 (E.D. La. Sept. 28, 2020). What is clear is the Court's statement that "the Court's decision would not 'negate the liability of parties who made robocalls covered by the robocall restriction' [potentially including Edible] during the timeframe in which the exception remained operative." *Id.* (quoting *AAPC*, 140 S. Ct. at 2355 n.12). In addition, the Court stated that it "disagree[d] with plaintiffs' broader initial argument for holding the <u>entire 1991 robocall restriction unconstitutional</u>," *AAPC*, 140 S. Ct. at 2349 (emphasis added), and severed the unconstitutional government debt exception. *Id.* ("Congress may include a *severability* clause in the law, making clear that the <u>unconstitutionality of one provision</u> does not affect the rest of the law.") (emphasis added); *see also id.* ("A severability clause indicates that Congress did not intend the validity of the statute in question to depend on the validity of the <u>constitutionally offensive provision</u>.") (emphasis added). These statements echo the words of the Fourth Circuit: "<u>the debt-collection exemption</u> fails to satisfy strict scrutiny, <u>constitutes an unconstitutional content-based restriction on speech, and therefore violates the Free Speech Clause</u>." *Am. Ass'n of Political Consultants v. FCC*, 923 F.3d 159, 170 (4th Cir. 2019) (emphasis added), *aff'd AAPC*. Because of this, the Court declines to hold that the statute DiStasio has sued Edible under, 47 U.S.C. § 227(b)(1)(A),

was unconstitutional at the time suit was filed, and therefore denies Edible's motion for judgment on the pleadings.

## IV.   CONCLUSION

For the reasons stated above, Edible's Motion to Stay Pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, [ECF No. 114], Motion to Transfer, [ECF No. 112], and Motion for Judgment on the Pleadings, [ECF No. 113], are DENIED.

The Court notes that on August 3, 2016, it entered an Order stating that "[t]he parties are encouraged to commence discovery forthwith and to arrange their schedules in contemplation of the briefing deadlines for any dispositive motions, because the Court is unlikely to grant a future request for an extension of the scheduling order absent extraordinary and unforeseeable circumstances." [ECF No. 16 (emphasis in original)].  The Court fully intends to adhere to that statement going forward.

Based only on Edible's representation that "two key members" of its legal team "will be on unavoidable medical leave in early 2021," the Court grants-in-part the Parties' joint motion for extension of case management deadlines, [ECF No. 128]; lacking further specificity the Court grants a two-month extension.  The Court will enter a Revised Scheduling Order.

                            IT IS SO ORDERED

                            _____/s/_____

                            Hon. Vanessa L. Bryant
                            United States District Judge

**Dated at Hartford, Connecticut: February 1, 2021**